Denece M. **CANFIELD** and Theodore
D. **Canfield, Plaintiffs,**

v.

**VSH RESTAURANT CORPORATION, DBA: Vestal Steakhouse & Seafood Grill and Thomas C. Panzella and Robert Hotchkiss, Employees of the Vestal Steakhouse and Seafood Grill, Defendants.**

**No. 95–CV–106.**

United States District Court,
N.D. New York.

July 31, 1995.

---

432

Ronald R. Benjamin, Binghamton, NY, for plaintiffs.

Chernin & Gold, Binghamton, NY, for defendant VHS Corp., Vestal Steakhouse, and Panzella; Margaret Fowler, of counsel.

Robert Hotchkiss, Whitney Point, NY, defendant pro se.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

The Clerk of the Court caused an entry of default against VSH Restaurant Corporation (d/b/a The Vestal Steakhouse and Seafood Grill), Thomas Panzella, and Robert Hotchkiss on April 27, 1995. Plaintiff Denece Canfield thereupon made a Motion for Default Judgment against the above captioned defendants. Her motion was scheduled to be heard by the court on June 23, 1995. However, on June 14, 1995, the court notified the

parties that this matter would be taken on SUBMIT and no appearances or oral arguments were necessary.

## I. DISCUSSION

### A. Background

Plaintiff was an employee of the defendant, VSH Restaurant Corporation, from August 26, 1992 until April 28, 1993. In April of 1993, plaintiff quit her job without providing any advance notice. Subsequently, in August of 1993, plaintiff filed a complaint with the State of New York Division of Human Rights alleging sexual and gender discrimination in violation of the state's Human Rights Law. The Division of Human Rights later discontinued the proceedings upon learning that plaintiff and her attorney planned to litigate the matter in Federal Court.

On January 23, 1995, plaintiff commenced this action-pursuant to 42 U.S.C. section 2000e et. seq., 28 U.S.C. section 1331 and section 296 of the Executive Law of the State of New York. On January 26, 1995, plaintiff's counsel forwarded a Notice of Lawsuit and Request for waiver of Service of Summons to the above-captioned defendants. None of the defendants waived service. Affidavits of service indicate that Thomas C. Panzella was personally served both individually and on behalf of the VSH Restaurant Corporation on March 6, 1995. Defendant Robert Hotchkiss was later served on March 15, 1995.

### B. Entry of Default

All of the Above-captioned defendants failed to file an Answer within twenty days after service and default was entered by the Clerk of the Court on April 27, 1995. Defendants VHS corporation and Thomas Panzella subsequently filed their answer on May 24, 1995, while defendant pro-se Robert Hotchkiss filed his answer on June 22, 1995. Defendants VHS Corporation and Thomas Panzella cross-moved to vacate the entry of default in opposition to plaintiff's Motion for Default Judgment.

### 1. Standard of Review for Entry of Default

Rule 55(a) of the Federal Rules of Civil Procedure provides that a clerk may enter a default upon being advised by affidavit that a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *Hodges v. Jones*, 873 F.Supp. 737 (N.D.N.Y.1995); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir.1993); *In re Men's Sportswear, Inc.*, 834 F.2d 1134 (2d Cir.1987). After entry of default, the defaulting party may move to set the entry aside for "good cause" shown pursuant to Fed.R.Civ.P. 55(c). Default judgments, on the other hand, are set aside only in accordance with the more stringent standard contemplated by Rule 60(b). *Id.*

Under Rule 55(c), three principal factors bearing on the appropriateness of relieving a party of a default must be assessed to determine whether good cause has been shown: 1) whether the default was willful, 2) whether setting it aside would prejudice the adversary, and 3) whether a meritorious defense is presented. *Hodges v. Jones*, 873 F.Supp. at 742 *citing, Enron Oil Corp.*, 10 F.3d at 96. *See also, In re Men's Sportswear, Inc.*, 834 F.2d at 1138; *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981).

Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result. *See, Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986).

In evaluating these factors, defaults are generally not favored, particularly when the case presents issues of fact. It follows then, that doubts are to be resolved in favor of a trial on the merits. *See, Meehan*, 652 F.2d at 277; *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). *See also, Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811 (9th Cir.1985) (default judgments are generally not favored; whenever it is reasonably possible, cases should be decided on the merits).

With respect to defaults, courts are entitled to enforce compliance with the time limits of the Rules by various means. However, the extreme sanction of a default judgment must remain a weapon of last, and not first, resort. *See, Meehan,* 652 F.2d at 277; *Peterson v. Term Taxi Inc.,* 429 F.2d 888, 890–892 (2d Cir.1970). Defaults are reserved for rare occasions and when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. *Enron Oil Corp.* 10 F.3d at 96. In other words, "good cause" and the criteria of Rule 60(b) should be construed generously. *Id. See also, Davis v. Musler,* 713 F.2d 907, 915 (2d Cir.1983); *Meehan,* 652 F.2d at 277.

### 2. Application of the Standard

In the instant action, all of the defendant's affidavits establish that their default was not willful; rather, it was occasioned by their unawareness that plaintiff commenced formal action and formally served them. On June 5 of 1995, defendants VHS Corporation and Thomas Panzella delivered to the court three Affidavits in Opposition to plaintiff's Motion for Default Judgment: Two of the affidavits were sworn to by Defendant Thomas Panzella and one was sworn to by the president of the VSH Restaurant Corporation, Cameron Robert. Defendant Panzella's instant affidavits explain that he "did not realize that formal service was being made" and that he believed he "was merely being provided with extra copies of the paperwork and request for waiver that had been previously mailed." Mr. Panzella further asserts that the person who gave him these papers (Lee Ross) indicated that he worked for attorney Ronald Benjamin and wanted to go over some papers with the defendant. However, Mr. Panzella also claims that Mr. Ross did not indicate that the defendant was being formally served or that Mr. Ross was, in fact, a process server.

The Affidavit by VHS Restaurant Corporation's president, Cameron Robert, stated "it was not the intention of the VSH Restaurant Corporation to fail to answer or ignore the Summons and Complaint." Rather, "due to some confusion on the part of Mr. Panzel-la, an Answer was not filed." The June 22, 1995 submission by Robert Hotchkiss stated that defendant Hotchkiss believed he was being represented by counsel for the Vestal Steakhouse. Hotchkiss further stated that he was unable to pay for legal representation, acting instead as a *pro se* defendant.

Beyond defendants' affidavits, plaintiff has made no showing of prejudice flowing from the defendants' default and the court perceives none. Since only one month passed between the entry of default and defendants' filing of their belated Answers to plaintiff's complaint, and since plaintiff's allegations are more than two years old, prejudice seems unlikely. Finally, from the record and the factual issues contained therein, the court is persuaded that the defendants have an at least meritorious defense to the plaintiff's complaint. Taken together, the foregoing analysis of the above factors leads the court to conclude that the entry of default should be set-aside.

### C. Plaintiff's motion to amend complaint

Plaintiff submitted to the court a Notice of Motion, an Attorney Affidavit, and an Amended Complaint on May 26, 1995 requesting leave to amend her Complaint pursuant to Fed.R.Civ.P. 15. Specifically, plaintiff requested the addition of Chef Italia, Inc., as a party defendant to the above-captioned defendants in this action.

Under Fed.R.Civ.P. 15(a) a party may "make a Rule 15(a) amendment to add, substitute or drop parties to the action." *See,* 6 Wright Miller & Kane, *Federal Practice and Procedure:* Civil 2d, section 1474, page 552. However, several courts have held that dropping or adding parties is governed by Rule 21 and that an amended pleading altering the parties requires leave of court as prescribed in Rule 21, even though it is filed before a responsive pleading is served and technically should be allowed as a matter of course under Rule 15(a). *Id.* at section 1479, page 569.

It is well settled that in the absence of "undue delay, bad faith or dilatory motive," *Foman v. Davis,* 371 U.S. 178, 182, 83

S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), "leave to amend shall be freely given when justice so requires." *Id.*; Fed.R.Civ.P. 15(a). As a general matter, amendments are favored in order "to facilitate a proper decision on the merits," *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), and "unless there is a good reason to deny a motion to amend, failure to grant it is an abuse of discretion." *Eickhorst v. E.F. Hutton Group,* 763 F.Supp. 1196, 1203–1204 (S.D.N.Y.1990).

Under the 1991 amendment to Rule 15, a plaintiff is allowed to change a party or name additional parties only if the:

(1) claim arose of the same conduct or transaction; and

(2) within 120 days, the party to be named or added has received notice of the original institution of the complaint; and

(3) the party to be named or added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it.

*See,* Fed.R.Civ.P. 15(c); *Velsini v. Cadmus,* 152 F.R.D. 442 (N.D.N.Y.1994); *Aslanidis v. United States Lines Inc.,* 7 F.3d 1067, 1075–76 (2d Cir.1993). Under such circumstances, the amended pleading would relate back to the date of the original complaint. *Cf. Kregos v. Associated Press,* 3 F.3d 656 (2d Cir. 1993) (plaintiff was time barred by the statute of limitations from amending additional defendants to the complaint).

In the instant case, plaintiff has complied with the three requirements under Rule 15(c) and is therefore entitled to adding a new party to the current lawsuit. As defendants VSH Corporation and Thomas Panzella were served on March 6, 1995 and defendant Robert Hotchkiss was served on March 15, 1995, no undue delay or bad faith was exhibited. Furthermore, Thomas Panzella, as a representative of Chef Italia, Inc., has, in fact, received the requisite notice well within the 120 day limitation. Finally, plaintiff asserts that Chef Italia, Inc. is the plaintiff's actual employer or both corporations were her employer at the time of the alleged acts. Plaintiff further alleges that Thomas Panzella held himself under the title of Director of Opera-

tions for both VSH Corporation and Chef–Italia, Inc. and uses this title interchangeably. It follows then, that plaintiff has satisfied the last element by alleging mistake concerning the identity of the proper party (or parties). To this end, plaintiff has complied with Rule 15 for the addition of Chef Italia, Inc. as a party defendant.

## II. CONCLUSION

For all the foregoing reasons, then, plaintiff's Motion for a default judgment is DENIED. Plaintiff's amended complaint, filed on May 26, 1995 is accepted and relates back to the January 23, 1995 date of the original complaint in so far as it modifies only the party-defendants therein.

**IT IS SO ORDERED.**