John F. MEEHAN and Robert W. Fink
a/k/a Meehan & Fink,
Plaintiffs-Appellees,

v.

John SNOW and Judy Snow,
Defendants-Appellants.

Nos. 1352, 1457, 1458, Dockets 77–7177,
77–7456, 80–7887.

United States Court of Appeals,
Second Circuit.

Submitted May 12, 1981.

Decided June 29, 1981.

Vogel & Rosenberg, New York City, submitted a brief for defendants-appellants.

McCann, Rider, Drake, Weiner, Sommers & Loeb, Newburgh, N.Y., submitted a brief for plaintiffs-appellees.

Before KAUFMAN, OAKES and NEWMAN, Circuit Judges.

PER CURIAM:

John and Judy Snow appeal from judgments entered in the District Court for the Southern District of New York, the combined effect of which obliges them to pay their former attorneys $16,316.51 plus interest. The judgments were entered by default because the appellants were ten days late in serving their amended answer to their former attorney's amended complaint. Though we share the District Court's con-

cern for the expeditious conduct of litigation, we reverse because the extreme sanction of default was imposed under an incorrect standard.

Plaintiffs-appellees John F. Meehan and Robert W. Fink brought this action in 1975 against defendants-appellants, their former clients, to collect an attorney's fee of approximately $14,000. The appellants removed the suit to federal court on diversity grounds, answered, and counterclaimed for $1.5 million in damages allegedly caused by the appellees' negligence while representing them. Nearly a year later, after successfully moving to amend the complaint, the appellees served an amended complaint by mailing it on September 15, 1976. The amended complaint added two causes of action for defamation for which the appellees sought $1.5 million in compensatory and punitive damages. Though an original answer is due twenty days after service of an original complaint, Fed.R.Civ.P. 12(a), the time limit for an amended answer to an amended complaint is ten days, Fed.R.Civ.P. 15(a), which was extended to thirteen days in this case because the amended complaint was served by mail, Fed.R.Civ.P. 6(e). The appellants were therefore required to serve their amended answer by September 28, 1976. They concededly missed this deadline by ten days, mailing their amended answer on October 8, 1976.[1] The appellees' counsel received the amended answer on October 15. Despite having received the amended answer, the appellees filed a motion for default judgment on October 18.[2] After a hearing, the District Court (Henry F. Werker, Judge) granted the motion, ordered entry of a default judgment, and afforded the appellants thirty days to move to set aside the judgment pursuant to Rule 60(b). The 60(b) motion was filed, heard, and denied by Judge Werker. The default

---

1. The appellees question whether the amended answer was mailed October 8, pointing out that the envelope containing it was post-marked October 14. The District Court made no finding on the exact date of mailing, concluding simply that the appellants failed to answer "within the required time period." If the amended answer was not mailed until October 14, it was served sixteen days late and, in any event, was received by the appellees' counsel before the filing of the motion for a default judgment.

2. Apparently, the appellees' counsel prepared the motion for a default judgment on October 14, one day before receiving the appellants' amended answer.

judgment awarded the appellees the $14,316 in damages they had sought for unpaid attorney's fees, plus interest, and ordered a hearing to determine damages on the causes of action for defamation.[3] A Magistrate recommended damages totaling $100,000, but Judge Lowe, to whom the case had been reassigned, reduced this sum to $2,000, plus interest. 494 F.Supp. 690. These appeals have been taken from the default judgment, the denial of the Rule 60(b) motion, and the entry of the final judgment on the defamation claims.

The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b). *See generally* 10 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 2681–2700 (1973).

■ In this case, the initial step of securing the entry of a default was omitted. Though Judge Werker's memorandum decision granting the default judgment recites that the appellees caused a default to be entered, the docket entries do not reflect such an occurrence, and the court file contains no evidence of it.[4] The "finding" that a default had been entered is therefore clearly erroneous as not supported by the record. The omission of the entry of a default was largely technical because the hearing on the appellees' motion for the

entry of a default judgment afforded the appellants the same opportunity to present mitigating circumstances that they would have had if a default had been entered and they had then moved under Rule 55(c) to set it aside.[5] But the omission did have one unfortunate consequence for the appellants because Judge Werker, in granting the default judgment, pointedly observed that they had failed to move to set aside the default. Since a default had not been entered, the absence of such a motion was no occasion for criticism, and the appellants proceeded quite properly by simply opposing the appellees' motion for judgment. Even if a default had been entered, opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion. *See Broder v. Charles Pfizer & Co.*, 54 F.R.D. 583 (S.D.N.Y.1971); *Albert Levine Associates, Inc. v. Kershner*, 45 F.R.D. 450, 451 (S.D.N.Y.1968); 10 C. Wright & A. Miller, *supra*, § 2692.

■ The error that requires reversal is the District Court's failure, in considering the appellants' opposition to the motion for a default judgment, to apply the Rule 55(c) standard for setting aside the entry of a default. Judge Werker correctly noted that the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the "excusable neglect" standard for setting aside a default judgment by motion pursuant to Rule 60(b). *See Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C.Cir.1980); *Broder v. Charles Pfizer & Co., supra; United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944, 950 (N.D.Ind.1975); 10 C. Wright & A. Miller, *supra*, § 2692. However, he concluded that the appellants should be held to the higher standard of

---

3. The appellants' counterclaim was ordered dismissed without prejudice.

4. Nor does the file contain a "certificate of the clerk of the entry of default," which is required by local rule to accompany an application for the entry of a default judgment. Rule 8(b), Local Rules of the United States District Court for the Southern District of New York.

5. Entering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course because it avoids the need to prepare for and pursue a damage hearing in those instances where the Rule 55(c) motion is granted.

Rule 60(b); he therefore granted the default judgment, with leave to move to set it aside under Rule 60(b). This escalation of the appellants' burden was apparently done for three reasons. First, Judge Werker noted that although he would ordinarily be sympathetic to the plea of the appellants' counsel of unfamiliarity with federal practice, it was the appellants who had removed the case to federal court. Second, the trial judge pointed out that the appellants had failed to answer interrogatories. Third, he noted "some question" as to the existence of meritorious defenses, but did not find that the defenses lacked merit.[6] However these considerations might be weighed in deciding whether to enter a default judgment, none of them justified the Court's failure to apply the standard of Rule 55(c).

█ Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Keegel v. Key West & Caribbean Trading Co., supra,* 627 F.2d at 373; *see Williams v. Ward,* 556 F.2d 1143, 1149 (2d Cir. 1977); *SEC v. Management Dynamics, Inc.,* 515 F.2d 801, 814 (2d Cir. 1975); *Gill v. Stolow,* 240 F.2d 669, 670 (2d Cir. 1957); *SEC v. Vogel,* 49 F.R.D. 297, 299 (S.D.N.Y.1969). Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits. *See Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Gill v. Stolow, supra; SEC v. Vogel, supra.* In this case, there is no finding and no basis for a finding that the late service of the amended answer was willful. The appellees neither claimed nor proved prejudice. The denials and defenses in the amended answer met the low threshold of adequacy for Rule 55 purposes. *Moldwood Corp. v. Stutts,* 410 F.2d 351 (5th Cir. 1969). The interrogatories the appellants had failed to answer related solely to their own counterclaim and had not been the subject of a Rule 37 motion by the appellees.

█ The lenient standard of Rule 55(c) for determining whether to relieve a party of a default was simply not applied in this case. Had it been, it is evident that a ten-day delay in submitting an amended answer to a complaint amended nearly one year after it was first answered would not have led to a default judgment. *Dr. Ing. H. C. F. Porsche AG v. Zim,* 481 F.Supp. 1247, 1248 n.1 (N.D.Tex.1979); *Georgia Power Project v. Georgia Power Co.,* 409 F.Supp. 332, 336–37 (N.D.Ga.1975); *see Carwile v. Ray,* 481 F.Supp. 33, 34–35 (E.D. Wash.1979); *Hazzard v. Weinberger,* 382 F.Supp. 225, 228 (S.D.N.Y.1974), *aff'd without opinion,* 519 F.2d 1397 (2d Cir. 1975). While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort. *See, e. g., Peterson v. Term Taxi Inc.,* 429 F.2d 888, 890–92 (2d Cir. 1970); *SEC v. Management Dynamics, supra; Trans World Airlines, Inc. v. Hughes,* 332 F.2d 602, 614 (2d Cir. 1964); *Gill v. Stolow, supra.* Since, in the absence of a jury claim, the damages have been fairly determined by the District Court in contested proceedings, it is necessary to remand only for a determination of the appellants' liability on the causes of action of the amended complaint.

The pressures upon district judges to contend with the litigation explosion and their worthy efforts to clear their calendars can well explain Judge Werker's impatience in this case. More than a year after this action was removed to the federal court, the parties had not progressed beyond the pleading stage. For the reasons stated in this opinion, however, the Federal Rules of Civil Procedure should have been observed in spirit and in letter, and the motion for a default judgment should have been denied.

Reversed and remanded.

---

**6.** In questioning, though not ruling, whether the defenses were meritorious, Judge Werker noted only that the appellants were challenging personal and subject matter jurisdiction despite their decision to remove the case to federal court. There was no assessment of their denials that money was due for legal services and that the alleged defamatory statements had been made.