**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**
Plaintiffs,

v.

**Stephen Sui–Kuan WANG, Jr., and Fred C. Lee, a/k/a Chwan Hong Lee, Defendants.**

**No. 88 Civ. 4461 (RO).**

United States District Court,
S.D. New York.

Oct. 25, 1988.

Thomas C. Newkirk, Stephen J. Crimmins, Gary S. Kaminsky, Karen R. Beekman, S.E.C., Washington, D.C., for plaintiffs.

James D. Morton, Thomas L. Vankirk, M.H. Levy, B. Blair Crawford, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for defendant Lee.

## MEMORANDUM AND ORDER

OWEN, District Judge:

The United States Securities and Exchange Commission ("SEC") initiated this civil suit to exact penalties and recover profits from Stephen Wang, Jr. and Fred C. Lee, participants in an alleged insider trading scheme. Defendant Lee failed to answer, and this Court entered an order of default, which, among other things, preliminarily enjoined Lee from transferring or suing for his assets. At that time, Lee's assets included nearly $12.5 million in a bank account with Standard and Charter Bank, which has branch offices in both Hong Kong and New York. Lee's time to answer having expired, resulting in default, Lee commenced a law suit in Hong Kong for those funds, whereupon, at the SEC's urging, I ordered the bank to deposit the funds in this Court's registry. Once the bank complied with that order, the Hong Kong court denied Lee's suit. Thus frustrated, Lee returned to this Court, seeking to set aside the entry of the default judgment. His motion is denied.

In this Circuit, a default will be set aside if defendant shows that he had a meritorious defense, that the default was not wilful, and that no prejudice to the adversary would result from setting the default aside. *Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981). Lee has made no such showing. Lee's affidavit contains not a single denial of the evidence of insider trading, evidence provided in large part by the testimony of his co-defendant Stephen Wang; instead, Lee's defense consists of certain Wall Street Journal articles, which, he argues, show that the allegedly inside information was in fact public. In light of the overwhelming evidence of insider trading, this defense is not "meritorious."

Lee's conduct during these proceedings indicates that he not only lacked a meritorious defense, but that he also wilfully disregarded the authority of this Court, and that he strove to unjustly prejudice the SEC's chances of recovery. It is difficult to imagine a default, and litigation strategy, more wilfully contemptuous of these proceedings: the defendant flatly ignored this Court's injunction with respect to his assets, sought to recover his bank account through the courts of Hong Kong, and came in to contest the order here only after Standard and Charter, under compulsion of law, deposited the $12.5 million into

this court's registry. I note that, even after belatedly appearing here to protest the default judgment, Lee filed an appeal in Hong Kong, striving still to circumvent the authority of this Court.

■ Having determined that Lee is not entitled to have the default set aside, it is only necessary to determine the amount to be recovered as disgorgement of profits and as a penalty. The SEC alleges and documents over $19 million in ill-gotten gains, properly subject to disgorgement, and seeks double or treble that amount as a statutorily authorized penalty. 15 U.S.C. § 78u(d)(2) (1984 amendment). The penalty's deterent purpose, to make an insider trader not just surrender his ill-gotten gains, but face severe penalties as well, is important to effective securities law enforcement. *See S.E.C. v. Tome*, 638 F.Supp. 596 (S.D.N.Y.1986). Because this purpose is equally important in the context of default judgments as in other enforcement contexts, some penalty is appropriate in this case. I consider that under the circumstances the penalty should equal the amount of disgorgement, which amount will be in the many millions, as will be determined more precisely following an inquest before a magistrate. *See, Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (1971); *Deshmukh v. Cook*, 630 F.Supp. 956 (S.D.N.Y.1986).

So Ordered.