57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis L. WILLIAMS, Plaintiff-Appellant,
v.
Jack SMITHSON, Cherokee County Deputy; Andy Sellars,
Cherokee County Sheriff, Defendants-Appellees.
 No. 95-7019.
(D.C. No. CIV-94-219)
 United States Court of Appeals, Tenth Circuit.
 June 20, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff Dennis L. Williams appearing pro se appeals the district court's order dismissing his 42 U.S.C.1983 complaint pursuant to Fed.R.Civ.P. 12(b)(6). We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 2
 On April 8, 1994, Plaintiff filed a complaint alleging Defendants violated his due process rights, right to a speedy trial, and extradition laws. Plaintiff also asserted that the conditions of the Cherokee County, Oklahoma jail were "below the standards set for keeping a animal".
 
 
 3
 On May 12, 1994, a U.S. Marshall served Defendants with a summons and copy of Plaintiff's complaint. Defendants did not file an answer or other responsive pleading within twenty days as required by Fed.R.Civ.P. 12(a)(1)(A). Instead, approximately sixty-eight days after being served, Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6). The district court granted Defendants' motion to dismiss, holding Plaintiff's complaint contained conclusory allegations that failed to state a claim upon which relief could be granted. This appeal followed.
 
 
 4
 On appeal, Plaintiff does not challenge the district court's holding that his complaint is subject to Rule 12(b)(6) dismissal. Rather, Plaintiff contends the court should never have ruled on the 12(b)(6) motion because he was entitled to default judgment. Specifically, Plaintiff argues that because Defendants failed to answer within twenty days as required by Rule 12(a)(1)(A), the district court should have automatically granted default judgment in his favor. We disagree.
 
 
 5
 We review the district court's failure to grant default judgment for abuse of discretion. Ruplinger v. Rains (In re Rains), 946 F.2d 731, 732 (10th Cir.1991). Although neither party directed us to its provisions, Fed.R.Civ.P. 55 governs the entry of default judgments in federal court. See Fed.R.Civ.P. 55. Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor. First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket. Fed.R.Civ.P. 55(a); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.1981). Second, following an entry of default by the clerk, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2); see also Meehan, 652 F.2d at 276.
 
 
 6
 In this case, Plaintiff did not request that the clerk enter default against Defendants under Rule 55(a) when they failed to respond to the summons and complaint within twenty days. Further, Plaintiff failed to apply to the district court under Rule 55(b)(2) requesting that it enter judgment on the default. Thus, because Plaintiff failed to comply with the mandatory requirements to obtain default judgment under Rule 55, we conclude that the district court properly exercised its discretion in not entering default judgment in his favor. Consequently, we hold the district court did not err in reaching Defendants' Rule 12(b)(6) motion.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument