Donna R. BRYAN, Plaintiff,

v.

Earl D. BUTLER, Esq., Mary Ann Smith, Esq., and Frederick J. Meagher, Jr., Esq., Defendants.

No. 94–CV–1565.

United States District Court, N.D. New York.

Oct. 2, 1995.

Rodney A. Richards, Binghamton, NY, for plaintiff.

Levene, Gouldin & Thompson, Vestal, NY, for defendant Butler, Esq. (David M. Gouldin, of counsel).

Friedman, Hirschen, Miller, Coughlin & Campito, P.C., Schenectady, NY, for defendant Smith, Esq. (Anthony J. Brock, of counsel).

Meagher, Meagher Law Firm, Binghamton, NY, for defendant Meagher (Frederick J. Meagher, of counsel).

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

Defendant, MARY ANN SMITH, ESQ., brings this motion seeking to set aside a default judgment entered against her on January 24, 1994, in the above-entitled action. Plaintiff, DONNA R. BRYAN, opposes defendant Smith, Esq.'s motion, and cross moves for an order of this Court directing a hearing to be held for the assessment of damages pursuant to Fed.R.Civ.P. 55(b).

Defendant Smith, Esq., argues that the Court should vacate the default judgment entered against her because such default allegedly was not willful, vacating the default will not prejudice the plaintiff, and defendant Smith, Esq., has a meritorious defense. Briefly, defendant Smith, Esq., claims that at the time this action for legal malpractice was commenced, although she was no longer employed by the Butler, Allen law firm, whose principals are named defendants and performed legal services for the plaintiff, defendant Smith, Esq., believed in good faith that the law firm's malpractice insurance carrier would defend the suit on her behalf. Accordingly, defendant Smith, Esq., did not file an answer in the action. Defendant Smith, Esq., also alleges that she did not learn of the default judgment against her until sometime in May, 1995. In addition, defendant Smith, Esq., claims that any damage caused to the plaintiff was as a result of the negligence of her immediate supervisor while employed at the Butler, Allen law firm.

The plaintiff argues that the motion to vacate should be denied. The plaintiff alleges that the failure to file an answer on behalf of defendant Smith, Esq., was the willful and deliberate action of the Butler, Allen mal-practice insurance carrier, Home Insurance Company. The plaintiff also claims that the defendant Smith, Esq., has not made a showing that she has a meritorious defense.

## II. DISCUSSION

### A. Vacating A Default Judgment

■ As one means of ensuring compliance with time limits set out in the Federal Rules of Civil Procedure, the default rules serve the end of an orderly and efficient administration of justice. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). However, courts generally disfavor default judgments, particularly when the case presents issues of fact, *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981). Courts should only order this extreme sanction as a penalty of last resort. *Id.* (citing *Peterson v. Term Taxi Inc.,* 429 F.2d 888, 890–92 (2d Cir.1970)). When cases present disputed factual issues, the Federal Rules promote trial on the merits, and hence courts resolve doubts about whether to grant or vacate a default in favor of the defaulting party. *Sony Corp. v. Elm State Elec., Inc.,* 800 F.2d 317, 320 (2d Cir.1986); *Enron,* 10 F.3d at 96; *Meehan,* 652 F.2d at 277; *See also Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390–91, 93 L.Ed. 266 (1949), *modified,* 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099.

The Court now turns to the relevant federal rules. Rule 55(a) provides that a clerk shall enter a default when presented with an affidavit stating that a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See, e.g., Enron,* 10 F.3d 90 (2d Cir.1993); *Hodges v. Jones,* 873 F.Supp. 737, 742 (N.D.N.Y.1995). Rule 55(c) provides, however, that the court may set aside an entry of default "[f]or good cause shown."

■ Courts in this circuit construe "good cause" broadly. *Enron,* 10 F.3d at 96; *see also Meehan,* 652 F.2d at 277. When determining whether a defaulting party has shown good cause sufficient to justify setting aside an entry of default, the Court considers three main factors: 1) whether the defaulting party defaulted wilfully, 2) whether setting aside the clerk's entry of default would prejudice the defaulting party's adversary, and 3)

whether the defaulting party has presented a meritorious defense. *Hodges*, 873 F.Supp. at 742 (citing *Enron*, 10 F.3d at 96). *See also In Re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir.1987); *Meehan*, 652 F.2d 274, 276 (2d Cir.1981). The Court may also consider other relevant equitable factors, such as whether the defaulting party failed to follow a procedural rule because of a mistake made in good faith and whether preserving the entry of default would produce a harsh or unfair result. *Enron*, 10 F.3d at 96.

### 1. Willfulness

■ Keeping in mind that the Court should resolve all doubts in favor of the defaulting party, the Court finds that the default by defendant Smith, Esq., was not willful. It is not unreasonable for defendant Smith, Esq., to assume that the insurance carrier for the Butler, Allen law firm would defend all the defendants to a malpractice suit concerning work that occurred during her employment at the firm. Clearly, the defense involves the filing of an answer, which defendant Smith, Esq., could reasonably assume would include her. Moreover, since she did not receive any indication of the default judgment until May, 1995, it would be reasonable for her to assume that an answer had in fact been filed, or that the case had been discontinued in some fashion. Upon learning of the default judgment, defendant Smith, Esq., moved to vacate within a very short period of time. The default was not willful. *See Enron*, 10 F.3d at 96 (facts in support of vacating default judgment should be construed broadly).

### 2. Prejudice

"[D]elay alone does not establish prejudice." *Id.* at 98. Moreover, the non-defaulting party must show prejudicial delay by proving that the "delay will result in the loss of evidence, create difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983) (citation omitted). In view of the fact that the plaintiff has failed to present any arguments that setting aside the default would prejudice him in any way, the Court is reluctant to invent reasons for why

it might. Nevertheless, the Court cannot find any facts in the record to show that by granting the defendant's motion that the plaintiff will be prejudiced in any way. There is no evidence that evidence will be lost, that discovery will be more difficult, or that there is any possibility of fraud or collusion.

### 3. Meritorious Defense

■ The test of whether a defense is meritorious or not is "whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron*, 10 F.3d at 98 (citations omitted). In her affidavit, defendant Smith, Esq., stated that her superior, defendant Butler refused to give her guidance on the plaintiff's file and gave her an overly burdensome workload, while she was employed at the Butler, Allen law firm. She stated that the work she performed was professional and competent, and that any negligence was due to the actions of defendant Butler. The Court finds that the affidavit of defendant Smith, Esq., and her attorney adequately set forth a defense for the purposes of setting aside a default judgment. *See Id.*

### B. Timeliness Of Motion

■ The Plaintiff argues that the Court should not grant defendant Smith, Esq.'s motion because it was not filed within one year of the date of entry. Fed.R.Civ.P. 60(b) (specifically referenced by Rule 55(c)). The Plaintiff alleges that under "Subdivision (1)" of Rule 60(b), which permits a court to relive a party from entry of a default judgment for "mistake, inadvertence, surprise, or excusable neglect," defendant Smith, Esq. may not prevail, because the motion was not made within one year of such entry. However, the Court may provide relief in the form of an order vacating a default judgment outside the one year period of limitation under Rule 60(b)(6), which is expressly excluded from the time limitation, and states that such action may be taken for "any other reason justifying relief from the operation of the judgment." Based upon the Court's reasoning above and, in particular, the fact that defendant Smith, Esq., was not even notified that a default judgment had been entered against her until after the time period had

run, the find ample justification for relieving defendant Smith, Esq., from the operation of the default judgment.

## III. CONCLUSION

In sum, the Court GRANTS defendant Smith, Esq.'s motion to vacate the default judgment, and DENIES plaintiff's cross-motion for a hearing to determine damages.

**IT IS SO ORDERED.**