In re John P. ANGELI, Debtor.

GOLDEN & MANDEL, Plaintiff,

v.

John P. ANGELI, Defendant.

Bankruptcy No. 897–80945–478.
Adversary No. 897–8293–478.

United States Bankruptcy Court,
E.D. New York.

Dec. 11, 1997.

Mark Owen Mandel, Golden & Mandel, New York City, Pro se.

Charles F. Rubano, Pliskin, Rubano & Baum, Flushing, NY, for Defendant.

## *DECISION VACATING DEFENDANT'S DEFAULT AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT AND PLAINTIFF'S SUMMARY JUDGMENT MOTION*

DOROTHY EISENBERG, Bankruptcy Judge.

Golden & Mandel ("G & M" or the "Plaintiff") timely filed an adversary complaint against the Chapter 7 debtor herein (the "Debtor" or the "Defendant"), and on the same date the Clerk of the Court issued a Summons and Notice of Pretrial Conference (the "summons") and a Standing Pretrial Conference Order and Instructions (the "Pretrial Conference Order"). G & M's complaint (i) objects to the Debtor's discharge pursuant to Section 727(a)(3) of the Bankruptcy Code for his failure to keep and preserve books and records; or, alternatively (ii) seeks a determination pursuant to Section 523(a)(6) of the Bankruptcy Code that the Debtor's conduct in converting to his own use and possession the funds in certain IRA accounts in which G & M claims an interest amounted to a willful and malicious injury to G & M or its property, that the Debtor is indebted to G & M in the amount of $17,727.08, plus interest, and that the said debt is nondischargeable in bankruptcy. The Plaintiff timely served the summons, complaint and Pretrial Conference Order upon the Defendant by first class mail, as evidenced by the Affidavit of Service filed by the Plaintiff in the Bankruptcy Court. The Defendant failed to file an answer within the time prescribed by Fed. R. Bankr.P. 7012(a), nor did he seek an extension of time in which to do so. Instead, the Defendant's counsel appeared at the Pretrial Conference on July 10, 1997 and orally moved to vacate the default and for permission to file and serve an answer *nunc pro tunc,* based on counsel's representations that the Defendant was mentally unstable and was not mentally or emotionally able to file an answer timely. The Court refused to accept the untimely answer absent written proof by a date certain from the Defendant's physician or psychiatrist that the Defendant's psychological difficulties prevented him from timely answering the complaint. When the aforementioned proof was not timely filed and served upon the Plaintiff, the Court signed an Order denying the Defendant's oral application to vacate the default and rescheduling the Pretrial Conference. At the rescheduled Pretrial Conference, the Defendant's counsel produced the requisite letter from the Defendant's physician, and the matter was adjourned to permit the parties to file the appropriate motions. Thereafter, the Defendant filed a motion to vacate the Order denying the Defendant's motion to vacate the default and to permit the filing of an answer *nunc pro tunc,* and the Plaintiff filed a motion for default judgment or, in the event the Court vacates the Defendant's default, for summary judgment on the Section 523(a)(6) cause of action. The hearings on both motions were held on October 30, 1997, at which time the Court reserved decision pending the submission of additional documentation.[1]

---

1. At the October 30, 1997 hearing, the Court directed that the parties file additional docu-

The Court is now called upon to decide (1) whether (a) to vacate the default and permit the Defendant to file the proposed answer *nunc pro tunc,* or (b) to grant default judgment in favor of the Plaintiff and against the Defendant on the Section 523(a)(6) cause of action; and, in the event the default is vacated, (2) whether to grant summary judgment in favor of the Plaintiff and against the Defendant on the Section 523(a)(6) cause of action, based on Defendant's proposed answer. Upon consideration of all of the pleadings, motions, affidavits, affirmations and memoranda of law filed herein, and after hearing oral argument by counsel for the Plaintiff and counsel for the Defendant, the Court grants Defendant's motion to vacate the default and permit the filing of the proposed answer *nunc pro tunc,* and denies the Plaintiff's motion for a default judgment and denies Plaintiff's motion for summary judgment.

### *FACTS*

1. On August 1, 1994, the Supreme Court, Nassau County, entered a judgment in favor of Grace Angeli against Dennis Angeli, the Debtor's father, in the sum of $18,962.19 (the "State Court Judgment"). The State Court Judgment was for legal services rendered to Grace Angeli by Marc Owen Mandel, Esq., of G & M (Plaintiff), and was awarded as a condition of permitting Dennis Angeli to withdraw a bitterly contested divorce action.

Grace Angeli is the wife of Dennis Angeli and the mother of the Debtor.

2. As a result of execution upon the State Court Judgment, two payments were received as follows: on October 22, 1994, $1,062.23 and on November 31, 1994, $344.83. No other payments were made on the State Court Judgment.

3. By instrument dated February 28, 1995, the State Court Judgment was assigned by Grace Angeli to G & M.

4. Dennis Angeli died in January 1996.

5. At the time of Dennis Angeli's death, he possessed IRA accounts at the Massapequa branch of Key Bank of New York.

6. On January 25, 1996, the funds in the IRA accounts of Dennis Angeli, amounting to $17,725.08, were distributed by Key Bank to the Debtor.

7. At the time of the distribution of the IRA funds, there remained due and owing on the State Court Judgment the sum of $19,903.92 (which sum includes interest).

8. In or about April 1996, G & M commenced an action (the "Fraudulent Conveyance Action") against the Debtor in the Supreme Court, Nassau County, for a determination that the transfer of the IRA funds to the Debtor constituted a fraudulent conveyance under §§ 273, 273–a and 278 of the New York Debtor and Creditor

ments, as follows:

(a) with respect to the Defendant's motion to vacate the default, the Court noted the Defendant's filing of a Reply Memorandum and directed the Defendant to serve upon the Plaintiff and file with the Court by November 4, 1997 an Affidavit of the Defendant, John P. Angeli (the "Angeli Affidavit") detailing the facts and circumstances regarding his failure to timely answer the complaint; and

(b) with respect to the Plaintiff's motion for default judgment or summary judgment, (i) the Court directed the Plaintiff to serve upon the Defendant and file with the Court within 10 days a Statement Under Local Rule 7056–1 of the material facts as to which there is no genuine issue to be tried; (ii) the Court noted the Defendant's opposition to the motion filed on October 30, 1997, and directed the Defendant, if applicable, to file and serve within 10 days a Statement Under Local Rule 7056–1 of the material facts as to which Defendant contends there are genuine issues to be tried, and documentation concerning

the IRA accounts that are the subject of the instant adversary proceeding; and (iii) the Court directed the Plaintiff to serve and file a reply to the Defendant's opposition within 10 days.

All of the requested documents were timely filed, except that the Defendant did not file a Statement Under Local Rule 7056–1. However, the Court notes that the Angeli Affidavit disputes some of the facts which the Plaintiff claims are undisputed. The Defendant also submitted a bank statement of Key Bank reflecting the balances in the subject IRA accounts as of December 31, 1995. The Court notes that the Plaintiff served a subpoena on Key Bank on November 3, 1997, commanding the production of all documents and records concerning the IRA accounts of Dennis P. Angeli, the Debtor's deceased father, which subpoena was returnable at the Clerk's Office on November 13, 1997, at 10:00 a.m. However, as of the date of this decision, all of the subpoenaed records have not been produced to the Court.

Law (the "DCL") and that such funds were recoverable from the Debtor.

9. On or about May 24, 1996, G & M moved for Summary Judgment in the Fraudulent Conveyance Action, and the Debtor cross-moved for Summary Judgment. The precise legal issue involved in the summary judgment motion was whether the IRA funds remained exempt from execution by judgment creditors after the death of Dennis Angeli, or whether the exemption is lost as a transfer to a third party in fraud of creditors (Memorandum Decision dated Jan. 8, 1997, p. 1).

10. The Debtor filed an Affidavit in opposition to G & M's Summary Judgment motion in the Fraudulent Conveyance Action, in which he stated:

(a) "I believe that my father made me the beneficiary of his IRA (or pension plan) about ten years ago (around 1986). I was the named beneficiary at the time of his death. The proceeds of his IRA passed to me by operation of law. They never became part of Dennis Angeli's estate." (Pltiff's Motion for Default Judgment/Summary Judgment, Exh. 9, para. 5).

(b) "Since my mother and father have been separated, I have been living with my mother. My father had been living with a woman for a number of years. I have absolutely no knowledge of the extent of my father's assets at the time of his death. I do know that he received a substantial monthly pension and that he was concerned with the fact that any funds he accumulated could have been garnisheed by Mr. Mandel. For Mr. Mandel to suggest that it is undisputed that my father had no assets at the time of his death may or may not be true." (Pltiff's Motion for Default Judgment/Summary Judgment, Exh. 9, para. 6).

11. On January 8, 1997, the Supreme Court issued a memorandum decision in which it concluded that the transfer of the IRA funds to the Debtor was a fraudulent conveyance within the meaning of DCL § 273, even though the property passed by operation of law.[2]

12. On January 22, 1997, a proposed Judgment and Bill of Costs was served on the Debtor's counsel for settlement on January 31, 1997.

13. The Debtor filed a voluntary Chapter 7 petition on February 10, 1997. The filing of the petition stayed the signing of the judgment granting G & M summary judgment against the Debtor in the Fraudulent Conveyance Action.

14. G & M filed the adversary complaint on May 22, 1997, seeking two types of relief: (i) denial of the Debtor's discharge under Section 727(a)(3) of the Bankruptcy Code; and (ii) a determination that, by reason of the Debtor's withdrawal of the IRA funds, the Debtor caused willful and malicious injury to G & M and/or to the property of G & M under Section 523(a)(6).

15. The Clerk issued the summons and Pretrial Conference Order on May 22, 1997.

16. On May 27, 1997, the plaintiff served the summons, complaint and Pretrial Conference Order upon the Debtor/Defendant, the Debtor's counsel and the Chapter 7 Trustee by first class mail.

17. An answer was due to be served on June 21, 1997.

18. The Defendant failed to timely file an answer or request an extension of time in which to answer or otherwise defend the action.

19. At the Pretrial Conference held July 10, 1997, the Debtor's counsel noted his appearance in this adversary proceeding and orally moved to vacate the default and for permission to serve and file an answer *nunc pro tunc*, which motion was granted on condition that the Defendant produce evidence by June 16, 1997, in the form of a letter from the Defendant's physician or psychiatrist, that the Defendant's psychological problems

**2.** In the memorandum decision, the Supreme Court relied on *Matter of Granwell v. Granwell,* 20 N.Y.2d 91, 281 N.Y.S.2d 783, 228 N.E.2d 779 (1967), which held that the death of the settlor and transfer by operation of law to the designated beneficiary of the trust constituted a 'fraudulent conveyance' to the extent that the trust served to defeat the judgment creditor (Memorandum Decision dated Jan. 8, 1997, p. 2).

prevented him from timely answering the complaint.

20. The requisite proof was not produced by June 16, 1997.

21. On July 31, 1997, the Court signed an Order denying the Defendant's oral application and scheduling another Pretrial Conference for August 12, 1997, which Order was entered on August 1, 1997.

22. At the Pretrial Conference held August 12, 1997, the Defendant's counsel produced a letter dated August 12, 1997 from a physician, stating, among other things, that the Defendant is suffering from chronic, moderate to severe depression; that he is unable to deal with the reality of everyday living; that he has an avoidant personality disorder; and that he is being treated by medication and psychotherapy (Deft's Motion to Vacate July 31, 1997 Order, Exh. B).

23. In the Defendant's sworn Affidavit, he states that he is under the constant care of a psychologist as well as a psychiatrist; that he spends long periods of time sitting at home in the dark; and that he cannot cope with his life as it is (Angeli Aff., paras. 4, 5).

24. In view of the doctor's diagnosis and the Defendant's apparent inability to face reality, the Court cannot find that his default was willful.

25. The Plaintiff has not alleged or proved prejudice in the event the default is vacated, except to state generally that counsel's time has been wasted as a result of the default. Since there is little prejudice, if any, to Plaintiff, and the issues presented have not been decided on the merits in a bankruptcy context, equity requires that the default be vacated and the issues determined on the facts and issues of law that may be applicable and not by default.

26. At issue in the motion for Summary Judgment are the following facts: Upon the death of Dennis Angeli, the Defendant withdrew all of the funds from the subject IRA accounts (Angeli Aff., para. 6).

27. The Defendant states in his Affidavit that he believed that the funds in the IRA accounts were properly his; that he had no idea that there would be any claim made

against those funds; and that he did not intend to do anything wrong or harm anybody when he withdrew the funds (Angeli Aff., paras. 6, 7).

28. In the answer, the Defendant presents the defense that he did not act with the intent to willfully and maliciously injure the Plaintiff (Answer, para.8).

29. Genuine issues of material fact exist with regard to whether the Defendant knew that G & M claimed an interest in and to the IRA funds distributed to the Defendant and whether there are any facts regarding the Defendant's withdrawal of the IRA funds which might demonstrate the requisite intent required by Section 523(a)(6) of the Bankruptcy Code.

30. The Defendant has presented a meritorious defense to the allegations contained in the Plaintiff's adversary complaint, and only after an evidentiary hearing can proper findings of fact be made upon which a determination as to the law would be appropriate.

## *DISCUSSION*

### *Defendant's Motion to Vacate Default*

A Court may vacate a default for good cause pursuant to Fed.R.Civ.P. 55(c) as made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 7055. *In re Interco Systems, Inc.*, 185 B.R. 447 (Bankr.W.D.N.Y. 1995), *citing Meehan v. Snow*, 652 F.2d 274 (2d Cir.1981), which determination is addressed to the sound discretion of the Court, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993). In the Second Circuit, there is a strong preference for resolving disputes on the merits and, in evaluating the criteria to determine whether to vacate a default for good cause, doubts are to be resolved in favor of a trial on the merits. *Meehan*, 652 F.2d at 277. Under Fed. R.Civ.P. 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are (i) whether the default was willful; (ii) whether setting it aside would prejudice the adversary; and (iii) whether a meritorious defense is presented. *Meehan*, 652 F.2d at 277.

In this case, the Court cannot find that the Defendant's default was willful, in view of the psychological profile presented by the Defendant's physician and from the Defendant's own statements contained in his Affidavit. Neither can the Court make a finding of prejudice because the Plaintiff did not claim or prove prejudice. This Court, like the Court in *Interco Systems,* believes that the most significant factor to be evaluated in determining whether to exercise its discretion and vacate a default is whether the defendant has presented a meritorious defense. The test of such a defense is measured not by whether there is a likelihood that the Defendant will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense. *Interco Systems,* 185 B.R. at 455. A review of the Defendant's answer and the allegations contained in the Angeli Affidavit convinces the Court that the Defendant has a meritorious defense to the Section 523(a)(6) cause of action; i.e., that he did not know that G & M claimed an interest in the IRA funds and that he did not withdraw such funds with any willful and malicious intent to injure G & M. In order to succeed on its Section 523(a)(6) cause of action, G & M has the burden of proving both of those facts at trial; if the Defendant succeeds in rebutting those allegations, that would constitute a complete defense.

Consequently, the Court grants the Defendant's motion to vacate the default and serve and file the answer *nunc pro tunc,* and denies Plaintiff's request for a Judgment by Default.

### Plaintiff's Motion for Summary Judgment

The Plaintiff moves for summary judgment on its Section 523(a)(6) cause of action. Summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c), as made applicable in bankruptcy proceedings by Fed. R. Bankr.P. 7056. This Court's responsibility is not to resolve disputed issues of fact but to determine whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–159, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). A party opposing summary judgment has raised a genuine issue of material fact when the record taken as a whole could lend a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The party moving for summary judgment has the burden of showing that no genuine issue as to a material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Section 523(a)(6) provides that debts resulting from a "willful and malicious injury by the debtor to another entity or to the property of another entity" are nondischargeable. The term "willful" in this context means deliberate or intentional. *Navistar Financial Corp. v. Stelluti (In re Stelluti),* 94 F.3d 84, 87 (2d Cir.1996). The term "malicious" means wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. *Stelluti,* 94 F.3d at 87.

> [A] wrongful act done intentionally, which has a substantial certainty of causing harm and is without just cause or excuse, may be a willful and malicious injury. While something more than a mere voluntary act is necessary to satisfy the scienter requirement of Section 523(a)(6), specific intent to injure is not necessary.

> . . .

> [T]he conversion of another's property without the owner's knowledge or consent, done intentionally and without justification and excuse, is a willful and malicious injury within the meaning of the exception.. On the other hand, a technical conversion may very well lack any element of willfulness or maliciousness necessary to except the liability from discharge.

4 Lawrence P. King et al., *Collier on Bankruptcy,* paras. 523.12[1] and [2], at 523–90—523–92 (15th ed.1996). Therefore, to prevail on its Section 523(a)(6) cause of action by

summary judgment, the Plaintiff must show from all of the papers filed in this adversary proceeding and in connection with the Summary Judgment Motion that the Defendant's act of withdrawing the funds from the IRA accounts amounted to more than a legally defined conversion of the Plaintiff's property, and that such conversion was done intentionally and with malice. The documents before this Court presently do not support such a finding.

■ Although the Plaintiff's Local Rule 7056–1 Statement states that no genuine issue of material fact exists that requires a trial on the merits, the Defendant has raised at least two issues of fact that require a trial; i.e., whether the Defendant knew of G & M's claim to the IRA funds and whether the Defendant had the requisite intent required by Section 523(a)(6) of the Bankruptcy Code. The Plaintiff argues that the Defendant was well aware of the State Court Judgment awarding G & M attorney fees in connection with his parents' matrimonial action and that said Judgment remained unpaid at the time of Dennis Angeli's death. The Defendant denies having such knowledge, claiming he was not familiar with his father's legal affairs. Assuming the facts will reveal that Plaintiff is correct as to Defendant's knowledge, to succeed in its claim for willful and malicious injury, the Plaintiff still has the burden of proving that, although the funds in the IRA accounts passed to the Defendant by operation of law at the time of the decedent's death, at the time the Defendant withdrew the IRA funds, he acted deliberately to prevent G & M from collecting the State Court Judgment and he did not have any justification or excuse for withdrawing the funds. In essence, the Angeli Affidavit denies all of the aforementioned factual predicates. Thus, the Plaintiff has not met its burden of demonstrating that there are no genuine issues of material fact in dispute. Where there are material issues of fact in dispute, a motion for summary judgment is inappropriate.

Consequently, the Court denies the Plaintiff's Summary Judgment Motion and will set this matter down for trial on the merits based on the complaint as filed.

## CONCLUSION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Eastern District of New York.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

3. The Defendant's motion to vacate the default is before the Court pursuant to Fed. R.Civ.P. 55(c), as made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 7055.

4. For the reasons stated above, the Court finds there is just cause to vacate the default and permit the Defendant to file and serve the answer.

5. The Plaintiff's motion for summary judgment is before the Court pursuant to Fed.R.Civ.P. 56, as made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 7056.

6. For the reasons stated above, the Court finds that there are genuine issues of material fact that require a trial on the merits to sustain a cause of action against the Defendant pursuant to Section 523(a)(6) of the Bankruptcy Code. Accordingly, a further pretrial conference is scheduled for January 20, 1998, at 2:00 p.m., at which time the Court will set a discovery schedule and a trial date.

Defendant's counsel is directed to settle an Order in accordance with the Court's decision to vacate the default and permit the filing of the answer, and setting forth the date and time of the adjourned Pretrial Conference, on seven (7) days' notice to the Plaintiff and the Trustee. Plaintiff's counsel is directed to settle an Order in accordance with the Court's decision to deny the summary judgment motion on seven (7) days' notice to the Defendant and the Trustee.