Raymond NIEPOTH, Plaintiff,

v.

**MONTGOMERY COUNTY DISTRICT
ATTORNEY'S OFFICE,**
Defendant.

No. 1–97–CV–431.

United States District Court,
N.D. New York.

Jan. 21, 1998.

Office of Leila Reynolds (Leila Reynolds, of counsel), Johnstown, NY, for Plaintiff.

Office of William E. Lorman (William E. Lorman, of counsel), Amsterdam, NY, for Defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Presently before the Court is defendant's motion to vacate entry of default and plaintiff's cross-motion for default judgment. For the reasons that follow, defendant's motion is granted, and plaintiff's motion is denied.

## I. BACKGROUND

On March 28, 1997, plaintiff Raymond Niepoth commenced the instant action for malicious prosecution, pursuant to 42 U.S.C. § 1983, against defendant Montgomery County District Attorney's Office. Defendant

was personally served with a summons and complaint on July 3, 1997.[1] Following an appropriate request by plaintiff, see Fed. R.Civ.P. 55(a), the Clerk entered default against defendant on August 21, 1997. There is no dispute that entry of default was proper, as defendant had failed to plead or otherwise defend. See Fed.R.Civ.P. 12. Defendant filed an untimely answer the next day.

Thereafter, defendant filed the instant motion to vacate entry of default. Three affidavits, one from the District Attorney for the County of Montgomery, James Conboy, one from the defendant's usual attorney, Kelli McCoski, and one from defendant's attorney in this case, William Lorman, explain why defendant failed to file a timely answer. According to these affidavits, after the defendant was served, it forwarded the complaint to McCoski. McCoski then instructed her secretary to forward the complaint to Wayne Allen, Montgomery Administrator, who in turn would forward the complaint to the county's insurance carrier. A few weeks later, the insurance carrier denied coverage. After McCoski received this news, she contacted Lorman to inquire if he would represent defendant in this matter, as the plaintiff was a former client of hers. Lorman agreed to represent defendant. On August 18, 1997, Lorman received the file. Lorman then drafted an answer, which was mailed to the Court and opposing counsel on August 20, 1997.

## II. DISCUSSION

### A. Standard of Review of Entry of Default

As one means of ensuring compliance with the time limits set out in the Federal Rules of Civil Procedure, the default rules serve the end of an orderly and efficient administration of justice. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir.1993). Rule 55(a) of the Federal Rules of Civil Procedure provides that a clerk shall enter a default when presented with an affidavit stating that a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend. See, e.g., Enron, 10 F.3d at 90 (2d Cir.1993); Hodges v. Jones, 873 F.Supp. 737, 742 (N.D.N.Y.1995). After entry of default, the defaulting party may move to set aside the entry for "good cause shown" pursuant to Fed .R.Civ.P. 55(c).

■ Courts in this circuit construe "good cause" broadly. Enron, 10 F.3d at 96; see also Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981). Three principal factors apply in assessing whether good cause has been shown: 1) whether the default was willful; 2) whether setting aside the clerk's entry of default would prejudice the adversary; and 3) whether a meritorious defense is presented. Hodges, 873 F.Supp. at 742 (citing Enron, 10 F.3d at 96); see also In Re Men's Sportswear, Inc., 834 F.2d 1134, 1138 (2d Cir.1987); Meehan, 652 F.2d at 276. Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedural was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result. Enron, 10 F.3d at 96.

■ Although a district court has discretion in evaluating these factors, defaults generally are disfavored, particularly when the case presents issues of fact. Meehan, 652 F.2d at 277. It follows then, that doubts are to be resolved in favor of a trial on the merits. Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317, 320 (2d Cir.1986); Enron, 10 F.3d at 96; Meehan, 652 F.2d at 277.

### B. Application of Standard

■ To begin, defendant's affidavits establish that its default was not willful. The complaint was dispatched timely to the appropriate parties, with the defendant's insurance carrier eventually declining coverage. Upon this news, defendant's usual attorney, McCoski, was required to find alternative counsel to represent defendant because of a conflict of interest. The time to answer expired, however, before this could be accomplished. Such conduct, though unthinking

---

[1] Magistrate Judge David R. Homer had extended plaintiff's time to complete service until July 8, 1997.

and improvident, was not willful. *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir.1996) (stating that willfulness does not generally include conduct that is careless or negligent); *compare Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir.1991), *cert. denied*, 503 U.S. 1006, 112 S.Ct. 1763, 118 L.Ed.2d 425 (1992) (finding default to be willful when defendant "admit[ted] he deliberately chose not to appear in the action because he faced possible indictment upon return to New York"). Indeed, plaintiff does not allege, nor is there any indication to the Court, that defendant acted in bad faith in failing to timely defend. *See id.*

 Furthermore, setting aside the entry of default will not prejudice plaintiff. Prejudice results when delay causes "the loss of evidence, create difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983) (citation omitted). By his own admission, plaintiff will suffer no individual prejudice, other than that suffered generally from the "degeneration of the judicial system." This does not suffice. *See id.; MacEwen Petroleum, Inc. v. Tarbell*, 173 F.R.D. 36, 40 (N.D.N.Y.1997).

Lastly, defendant has presented evidence of meritorious defenses. Specifically, defendants assert absolute prosecutorial immunity from plaintiff's civil rights action, that the statute of limitations has expired, and that plaintiff has failed to state a claim upon which relief can be granted. "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the fact finder some determination to make.'" *American Alliance Ins. Co.*, 92 F.3d at 61 (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir.1988)). Here, defendant has provided evidence of these defenses sufficient to set aside entry of default.

In short, because defendant has demonstrated that its default was not willful, that plaintiff will suffer no prejudice, and that it has meritorious defenses, the entry of default is vacated. Defendant's untimely answer of August 22, 1997 is accepted.

**C. Plaintiff's Motion for Default Judgment**

Because entry of default is vacated, plaintiff's cross-motion for default judgment is denied.

**III. CONCLUSION**

For the reasons stated above, defendant's motion to vacate entry of default is GRANTED, and plaintiff's cross-motion for default judgment is DENIED.

**IT IS SO ORDERED.**