16-2351-cv
Acticon AG v. China North East Petroleum Holdings, Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand seventeen.

Present:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

ACTICON AG,

> *Plaintiff-Appellant,*

RICARDO ROSADO, Individually and on
Behalf of All Others Similarly Situated,
STEVEN WEISSMAN, Individually and on
Behalf of All Others Similarly Situated,
TONY MOORE, Individually and on Behalf
of All Others Similarly Situated,

> *Plaintiffs,*

v.                                                                                  16-2351-cv

CHINA NORTH EAST PETROLEUM HOLDINGS
LIMITED, WANG HONG JUN, JU GUIZHI,

> *Defendants-Appellees,*

RALPH E. DAVIS, LI JING FU, EDWARD M. RULE,
ZHANG YANG, YU LI GUO, RALPH E. DAVIS
ASSOCIATES, INC., ROBERT C. BRUCE,

> *Defendants*.

---

**FOR PLAINTIFF-APPELLANT:**         TAMAR WEINRIB, Pomerantz Haudek Grossman & Gross LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**    No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Appellant Acticon AG ("Acticon") appeals from the district court's denial of its motion for a default judgment on the issue of damages in this action alleging securities fraud. The district court granted default judgment to Acticon as to liability, but denied it as to damages because it determined that Acticon had failed to submit evidence of its individual damages and had submitted evidence only in connection with a class certification motion as to class damages. The court also denied Acticon's motion for class certification as moot because it did not file its motion prior to the entry of default judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review rulings on class certification motions for abuse of discretion. *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed*

*Care, L.L.C.* 504 F.3d 229, 244 (2d Cir. 2007). We also review a district court's rulings on a motion for default judgment for abuse of discretion. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted).

Upon review, we conclude that the district court abused its discretion by denying as moot Acticon's motion for class certification. The district court denied the motion because it was filed too late, after the entry of default judgment. That was error. As Acticon correctly notes, no default judgment had been entered prior to its motion for class certification. Rather Acticon had requested and obtained a certificate of default from the clerk of the court, but that was only the first step on the way to obtaining a default judgment. *See* Fed. R. Civ. P. 55(a); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). A certificate of default is not the same as a default judgment, which, in this case, was entered only after Acticon's May 2016 motion.[1]

Nor can we affirm on the alternate ground suggested by the district court that the defendants were prejudiced by the late motion. The district court reasoned that

---

[1] To the extent that the district court's opinion could be read to have misread Acticon's February 8, 2016 request for entry of default under Federal Rule of Civil Procedure 55(a) as a motion for default judgment under Rule 55(b) (and the Clerk's subsequent issuing a certificate of default as a grant of default judgment), rather than as misunderstanding the certificate of default as entering a default judgment, we would still conclude that the district court erred in denying the class certification motion. On that reading of the record, the district court's denial of the class certification motion would still have been based on a clearly erroneous premise (that plaintiff had unreasonably filed its class certification long after moving for default judgment and receiving a "grant" of default judgment) and thus constitute an abuse of discretion.

3

the defendants lacked notice of a class action and were aware of a default only as to the individual plaintiffs, not a certified class. That too was error. A motion for class certification should "be denied [as untimely] only when the late timing of the determination may cause prejudice or unduly complicate the case." 7AA Wright & Miller, Fed. Prac. & P. § 1785.3 (3d ed.); *see Siskind v. Sperry Ret. Program, Unisys,* 47 F.3d 498, 503 (2d Cir. 1995) ("[F]undamental fairness requires that a defendant named in a suit be told promptly the number of parties to whom it may ultimately be liable for money damages."). As Acticon correctly argues, the defendants had ample notice that the action was a putative class action because the caption and prayer for relief in Acticon's prior complaints indicated its intent to seek class status and Acticon had filed two previous motions for class certification. Although the class was never certified on the first two motions, neither motion was denied on the merits. The first motion was denied as premature. The second motion was never decided by the district court. The defendants, therefore, had sufficient notice that Acticon would likely seek certification again following a second remand by this Court, and the practice of filing a motion for class certification at that time was not so unexpected as to prejudice the defendants.

We necessarily vacate the denial of damages as an abuse of discretion as well. The district court denied Acticon damages because it had not submitted any evidence of individual damages, and the court would not rely on the class damages because it would "not entertain a belated class certification motion." As discussed, however, the district court erred when it denied the class certification motion. Because the district

4

court denied individual damages in reliance on its refusal to consider the class certification motion, we vacate its judgment as to the damages. On remand, the district court should determine whether a class may be certified and, if so, what damages are appropriate based on Acticon's submissions.

Accordingly, we **AFFIRM** in part as to the district court's determination of liability and **VACATE** and **REMAND** in part as to the denial of Acticon's class certification motion on mootness grounds and as to the refusal to determine of damages.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>