UNITED STATES FIDELITY AND GUARANTY CO. and American Home Assurance Co., Plaintiffs,

v.

PETROLEO BRASILEIRO S.A.— Petrobras, et al., Defendants.

No. 98 Civ. 3099(JGK).

United States District Court, S.D. New York.

March 26, 2004.

Kristen Bancroft, J. Peter Coll, Jr., Jeffrey A. Conciatori, Orrick, Herrington & Sutcliffe LLP, New York City, Duncan Hume Cameron, Larry W. Thomas, Howard L. Vickery, II, Cameron & Hornbostal, LLP, Washington, DC, John W. Dreste, Ernstrom & Dreste, LLP, Rochester, NY, John R. Horan, Fox, Horan & Camerini LLP, Richard Daniel Hott, John G. Lipsett, Forsythe, Patton, Ellis, Lipsett & Savage, New York City, for defendants.

Neil L. Glazer, Dana B. Klinges, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, Andrew J. Lorin, Wolf, Block, Schorr and Solis–Cohen L.L.P., New York City, for plaintiffs. ·

## OPINION and ORDER

KOELTL, District Judge.

The plaintiffs move by order to show cause for the entry of a default judgment against defendants Inepar Administração e Participações S.A., Inepar Indústria e Construções S.A., Sade Vigesa Industrial e Serviços S.A., Sade Vigesa Corporation of America, Sade Vigesa (Chile) S.A., and Internacional de Engenharia S.A. (collectively, "the Inepar parties") in an amount in excess of $400,000,000 because those parties failed to appear by new counsel after being instructed by the Court to do so.

The record reflects that on July 11, 2003, at a conference in open court, the Court granted the application of Orrick Herrington & Sutcliffe to withdraw as counsel for the Inepar parties, who were then directed to appear by new counsel within thirty days. The Court also stated that "I'll just put in the order that if the Inepar parties do not appear by new counsel by August 11, 2003, any party may seek a default judgment against the Inepar parties." (July 11, 2003 Tr. at 13–14.) The Court did not in fact enter a written order as intended. Nevertheless, the Inepar parties did not comply with the explicit direction of the Court at the July 11, 2003 hearing and, after August 11, 2003, were in default and were not appearing by any counsel. Corporations are not au-

thorized to appear other than by counsel, and after August 11, 2003 the Inepar parties were not represented by counsel and were in violation of the Court's Order to appear by new counsel. After that point, the plaintiffs could have moved for a default judgment. The plaintiffs, however, did not move for a default judgment until about four months later when, on about December 19, 2003, they sought a default judgment against the Inepar parties.

The Inepar parties oppose the motion for a default judgment and represent that they are prepared to proceed to defend the case. An opposition to a motion for default judgment is evaluated under the same standards that apply to a Rule 55(c) motion to set aside an entry of default. *See* Fed.R.Civ.P. 55(c); *Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d 238, 243 (2d Cir.1994); *Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir.1981); *Citadel Mgmt., Inc. v. Telesis Trust, Inc.,* 123 F.Supp.2d 133, 142 (S.D.N.Y.2000); *see generally Westvaco Corp. v. Viva Magnetics Ltd.,* No. 00 Civ. 9399, 2002 WL 1683454, at *2 (S.D.N.Y. July 24, 2002) (discussing principles applied when defendant opposes motion for default judgment). The text of Rule 55(c) allows an entry of default to be set aside for "good cause," and courts evaluate whether "good cause" exists by considering: (1) whether the default was willful; (2) whether the plaintiffs would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious defenses to plaintiff's claims. *See Commercial Bank of Kuwait,* 15 F.3d at 243; *Meehan,* 652 F.2d at 277; *Fashion Fragrance & Cosmetics v. Croddick,* No. 02 Civ. 6294, 2003 WL 1824638, at *2–*3 (S.D.N.Y. Apr. 8, 2003) (applying three factors in denying motion for default judgment).

■ The determination of whether to grant a motion for default judgment is within the sound discretion of the district court. *See Shah v. N.Y. Dep't of Civil Serv.,* 168 F.3d 610, 615 (2d Cir.1999); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993); *Westvaco Corp.,* 2002 WL 1683454, at *2. However, "[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the

merits." *Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 174 (2d Cir.2001); *see also Meehan,* 652 F.2d at 277. Default judgments are thus "reserved for rare occasions" and any "doubt[s] should be resolved in favor of the defaulting party." *Enron Oil Corp.,* 10 F.3d at 96; *see also Meehan,* 652 F.2d at 277; *Westvaco Corp.,* 2002 WL 1683454, at *2; *Citadel Mgmt.,* 123 F.Supp.2d at 142.

■ In this case, it is unclear whether the failure to appear by new counsel was willful. There is no question that the Court ordered the Inepar parties to appear by new counsel and they did not. It is also clear that when the Court issued its oral order on the record, a representative of the Inepar parties was present in Court. Nevertheless, the transcript does reflect that the Court did contemplate a written order that was not entered. *Cf. Westvaco Corp.,* 2002 WL 1683454, at *2 (noting that doubts are to be resolved in favor of defaulting party, and thus not characterizing default as "willful" where facts were ambiguous as to reasonableness of defendants' belief that it did not need to answer complaint).

In any event, this is not a case where the plaintiffs have demonstrated any prejudice from the delay of about six months that it has taken the Inepar parties to appear by new counsel. The claims between the plaintiffs and another group of defendants—"the IVI parties"—have proceeded before Magistrate Judge Katz and were severed from the plaintiffs' claims against the Inepar parties. There is no showing that the claims against the Inepar parties would have proceeded more expeditiously if they had appeared with new counsel earlier. If the plaintiffs were in fact prejudiced by the delay by the Inepar parties in obtaining new counsel, they should have moved for a default judgment earlier. Satisfied to let those claims rest until the litigation with the IVI parties was concluded, the plaintiffs cannot now claim that they were harmed by the delay.

The Inepar parties claim that they have valid defenses on the merits while the plaintiffs deny that is true. It is plain that on the brief descriptions in the papers the Court could not decide whether there is in fact any merit to any defenses, but a motion for a default judgment is not the place to decide

the ultimate merits of any defenses. It is clear that given the preference for cases to be decided on the merits, the substantial amount of the default judgment sought, and the expressed willingness of the Inepar parties to have this case decided on the merits, a default judgment should not be entered. *See, e.g., Enron Oil Corp.*, 10 F.3d at 96; *Meehan*, 652 F.2d at 277. If the merits are as clear as the plaintiffs say, they can proceed with a motion for summary judgment.

However, given the failure of the Inepar parties to appear by new counsel and comply with the order of the Court, the denial of the motion for a default judgment should be conditioned on the Inepar parties' payment of the plaintiffs' costs and attorneys' fees in bringing the current motion. *See RLS Assocs. v. United Bank of Kuwait PLC*, No. 01 Civ. 1290, 2002 WL 122927, at *8 (S.D.N.Y. Jan.29, 2002) (granting defendant's Rule 55(c) motion to set aside entry of default, but awarding plaintiff fees and costs because defendant was negligent in failing to retain counsel and imposed upon plaintiff "the unnecessary burden of applying for default judgment"); *see also Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir.2001) ("In determining whether to exercise its discretion to set aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." (citation omitted)).

*Conclusion*

Therefore, the motion for a default judgment is denied. The Inepar parties are liable for the costs and attorneys' fees of the plaintiffs in bringing the present motion. The matter is referred to Magistrate Judge Katz for further proceedings including the determination of the costs and attorneys' fees of this motion and all further pretrial proceedings. The parties should advise the Court and Magistrate Judge Katz if they consent to a referral to Magistrate Judge Katz for all purposes.

**SO ORDERED.**