Daniel J. O'CALLAGHAN, Plaintiff,

v.

Adam SIFRE, Esq., and James
Iniguez, Esq., Defendants.

No. 05 CIV 7437.

United States District Court,
S.D. New York.

March 14, 2007.

Daniel J. O'Callaghan, Esq., pro se, New York.

Adam Sifre, Esq., pro se, New York.

James E. Iñiguez, Esq., pro se, New York.

## DECISION AND ORDER

MARRERO, District Judge.

### I.  BACKGROUND

By Order dated March 14, 2007, Magistrate Judge Debra Freeman, to whom this matter had been referred for pretrial supervision, issued a Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein, recommending that the Court deny the motion of plaintiff Daniel J. O'Callaghan ("O'Callaghan") for entry of default judgment against defendants Adam Sifre ("Sifre") and James Iniguez ("Iniguez") and as well as the cross-motion of Sifre and Iniguez for sanctions.  The Court has not received objections to the Report from any of the parties.  For the reasons stated below, the Court adopts the Report in its entirety and denies both motions.

### II.  STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's report may adept those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous.  See Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Greene v. WCI Holdings Corp., 956 F.Supp. 509, 513 (S.D.N.Y.1997).  The Court is not required to review any portion of a Magistrate Judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149, 106 S.Ct. 466. A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. See DeLuca v. Lord, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); Walker v. Hood, 679 F.Supp. 372, 374 (S.D.N.Y.1988).

### III.  DISCUSSION

The Court finds that the facts set forth in the Report are supported by the record and are thus incorporated herein by reference. Having conducted a review of the full factual record including, among other things, the parties' respective motion papers and other submissions in this action, as well as the Report and applicable legal authorities, the Court finds the findings, reasoning and legal support for the recommendations made in Report are not clearly erroneous.  On this basis the Court concludes that denial of both O'Callaghan's motion for default judgment and the cross motion of Sifre and Iniguez for sanctions is warranted.

### IV.  ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Debra Freeman dated March 14, 2007 (Docket No. 27) is adopted in its entirety, and the motion of plaintiff Daniel O'Callaghan for entry of default judgment (Docket No. 19) and the cross-motion of defendants Adam Sifre and James Iniguez for sanctions (Docket No. 23) are DENIED.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

FREEMAN, District Judge.

### INTRODUCTION

Plaintiff Daniel J. O'Callaghan ("O'Callaghan" or "Plaintiff"), appearing *pro se*, has moved pursuant to Rule 55 of the Federal Rules of Civil Procedure for entry of default and for default judgments against *pro se* defendants Adam Sifre ("Sifre") and James Iñiguez ("Iñiguez") (collectively, "Defendants"). Defendants have each opposed the motion and cross-moved for Rule 11 sanctions. For the following reasons, I recommend that both Plaintiff's motion (Dkt. 19) and Defendants' cross-motions (Dkts. 23 and 24) be denied.

### BACKGROUND

O'Callaghan, who is apparently an attorney, filed a *pro se* Complaint in this action in August 2005. (Dkt. 1.) O'Callaghan timely filed proof of service of the Complaint upon both Sifre and Iñiguez (Dkts. 3, 4), and the adequacy of that service is not contested here. On December 1, 2005, Iñiguez filed a motion to dismiss the Complaint under Fed. R.Civ.P. 12(b)(6), for failure to state a claim on which relief could be granted (Dkt. 6); Sifre filed a similar motion shortly thereafter (Dkt. 8). By Order dated December 6, 2005, the Honorable Victor Marrero, U.S.D.J., dismissed the Complaint without prejudice on the ground that it was confusing and failed to present allegations from which the Court could discern any cognizable claim for relief. (*See* Order dated Dec. 6, 2005 (Dkt. 7).)

O'Callaghan subsequently filed a motion for reargument or reconsideration, attaching a proposed Amended Complaint, dated December 19, 2005. (Dkt. 10.) Judge Marrero, upon determining that the proposed Amended Complaint "seem[ed] to address the deficiencies reflected in the original pleadings," ruled that O'Callaghan would be permitted to proceed in this action on the basis of his Amended Complaint, should he so elect. (Order, dated Jan. 3, 2006 (Dkt. 12).) O'Callaghan then proceeded to file the Amended Complaint. (Dkt. 13; *see* Order, dated Feb. 27, 2006 (Mem.Endors.) (accepting the attached Amended Complaint for filing, and directing the Clerk of the Court to reopen the case) (Dkt. 15).)

Together with his Amended Complaint, O'Callaghan filed an Affirmation of Service, dated February 14, 2006. (Dkt. 13.)[1] In that Affirmation, however, O'Callaghan merely recited that he "ha[d] served a copy of the Amended Complaint and Demand for Jury Trial dated December 19, 2005, upon Defendants Adam Sifre, Esq., and James Iniguez, Esq., at 305 Broadway, Suite 200, New York, New York 10007." (*Id.*) The Affirmation did not state the purported method of service.

Neither of the Defendants answered or moved against the Amended Complaint. According to Defendants (who apparently are also attorneys, and who are also proceeding *pro se* in this action), they were never properly served with that amended pleading, and thus had no obligation to respond to it. Defendant Sifre states by affirmation that, although he did receive a copy of this pleading by mail, the envelope was addressed not to him, but rather to the law firm of Sifre, Iñiguez & Vitarelli, which is not a named defendant in this case. (Affirmation of Adam Sifre in Opposition and in Support for Sanctions, dated Apr. 24, 2006 ("Sifre Aff.") (Dkt. 24),[2] ¶ 7.) Sifre rejected this attempted service by letter dated February 3, 2006, in which he informed O'Callaghan that the law firm was not representing either him or de-

---

1. The Amended Complaint and Affirmation of Service were both filed under Docket No. 13.

2. Both Sifre's Notice of Cross Motion, dated Apr. 20, 2006, and his accompanying Affirmation were filed in this Court under Docket No. 24.

fendant Iñiguez. (*See id.; see also* Letter to Daniel J. O'Callaghan from Adam Sifre, Esq., dated Feb. 3, 2006 (annexed as Ex. A to Affirmation in Support of Plaintiff's Motion for Defaults and Default Judgments, dated Mar. 17, 2006 ("Pl.Aff.")).) For his part, Iñiguez states by affirmation that he never received a copy of the Amended Complaint at all. (*See* Affirmation of James E. Iñiguez in Response and in Support for Sanctions and Memorandum of Law, dated Apr. 19, 2006 ("Iñiguez Aff.") (Dkt. 23),[3] ¶ 14.) Iñiguez also states that it is his understanding, apparently from conversations with Sifre, that O'Callaghan tried a second time to serve the Amended Complaint on Defendants, but that, in this second attempt, O'Callaghan again only mailed Defendants a single copy of the Amended Complaint, in an envelope addressed to the law firm, and that Sifre again rejected service as defective. (Iñiguez Aff., ¶ 16.)[4]

O'Callaghan maintains that he is entitled to an entry of default and a default judgment on the Amended Complaint against each of the Defendants, as "[i]t is *not* credible that the *rejection* letters by Sifre which *twice* had enclosed an Amended Complaint were justified or that the twice-served Amended Complaint was unknown to Iñiguez." (Pl. Aff., ¶ 10 (emphasis in original).) O'Callaghan further states that "all mail envelopes addressed to these Defendants were addressed to *both Defendants* individually and personally and not to any firm or 'LLP.'" (Reply Affirmation in Support of Plaintiff's Motion for Defaults and Default Judgements and in Opposition to Defendants' Cross–Motions, dated May 4, 2006 ("Pl. Reply Aff."), ¶ 10 (emphasis in original); *see also* Pl. Aff., Ex. A (copies of certified mail labels).) Finally, O'Callaghan argues that "an amended pleading does *not* require a commercial process

server to accomplish personal service; mail service is sufficient." (Pl.Reply.Aff., ¶ 8.)

Defendants, for their part, maintain that entry of a default judgment against them would be improper because O'Callaghan's attempts at service were deficient. (*See* Sifre Aff., ¶¶ 10, 12–13; Iñiguez Aff., ¶¶ 18–24.) Both Defendants also argue that, by bringing the default motion, O'Callaghan should be sanctioned under Rule 11 for "frivolous motion practice." (*See* Sifre Aff., ¶ 19; Iñiguez Aff., ¶ 31.)

## DISCUSSION

### I. DEFAULT JUDGMENT

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court shall enter a default against a party who "has failed to plead or otherwise defend" an action. Fed.R.Civ.P. 55(a). Local Civil Rule 55.1 of this Court further provides that a party who applies for a certificate of default by the clerk pursuant to Fed.R.Civ.P. 55(a) "shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served."

■ Once a default has been entered, then, upon application of the party "entitled to a judgment by default," the Court may proceed to enter a default judgment against the defaulting party. Fed.R.Civ.P. 55(b). A default judgment may not be granted, however, if the defendant has not been effectively served with process. *See, e.g., OS Recovery, Inc. v. One Groupe Int'l, Inc.,* No. 02 Civ. 8993(LAK), 2005 WL 1744986, at *1, 2005 U.S. Dist. LEXIS 14860, at *2

---

3. Both Iñiguez's Notice of Motion, filed Apr. 20, 2006, and his accompanying Affirmation were filed in this Court under Docket No. 23.

4. Defendants also both state that they were not properly served with O'Callaghan's motion for a default judgment. According to Sifre, O'Callaghan merely sent one copy of the motion by mail to the law firm of Sifre, Iñiguez & Vitarelli, without specifying any individual for whom it was intended. (Sifre Aff., ¶ 8.) On this point, Iñiguez recites the facts somewhat differently, stating his understanding that while only one copy of the motion was received by mail, the envelope was in fact addressed to the Defendants. (Iñiguez Aff., ¶ 15, and Ex. B thereto.) In any event, both Defendants state that the envelope was returned to O'Callaghan, with an explanation that service of the motion was also being rejected as defective. (Sifre Aff., ¶ 8; Iñiguez Aff., ¶ 16.)

(S.D.N.Y. July 26, 2005) ("It is axiomatic, of course, that a court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process.") (internal quotation marks and citations omitted). Further, for a plaintiff to be entitled to a default judgment on an amended pleading, there must be an adequate showing that the relevant amended pleading was duly served, under the relevant rules. *See, e.g., Jackson v. New York State,* No. 06–CV–6364, 2007 WL 437249, at *2, 2007 U.S. Dist. LEXIS 8453, at *8 (W.D.N.Y. Feb. 6, 2007) (default motion as to amended pleading was "premature since plaintiff must first serve defendants with a copy of the Third Amended Complaint so that defendants have notice and the opportunity to respond"); *see also Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 98 (2d Cir.1993) (default judgment on amended pleading would not be appropriate in the face of conflicting evidence as to whether that pleading was served on the defendant).

■ Assuming the plaintiff demonstrates proper service, the decision to grant a motion for a default judgment lies in the sound discretion of the trial court. *See Shah v. New York State Dep't of Civil Serv.,* 168 F.3d 610, 615 (2d Cir.1999). In determining whether to grant such a motion, the court may consider numerous factors, including "whether plaintiff has been substantially prejudiced by the delay involved[ ] and whether the grounds for default are clearly established or are in doubt." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2685 (3d ed.1998); *see Feeley v. Whitman Corp.,* 65 F.Supp.2d 164, 171 (S.D.N.Y.1999) (factors to consider include whether the failure to answer was merely technical or resulted from bad faith, the possibility of prejudice to the plaintiff, and whether the default was due to excusable neglect). The court is also guided by the same factors that apply to a motion to set aside entry of a default: (1) whether the default was willful; (2) whether the plaintiffs would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious

defenses to plaintiff's claims. *See Pecarsky v. Galaxiworld.com, Ltd.,* 249 F.3d 167, 170–71 (2d Cir.2001) (examining these factors on review of district court's decision to grant default judgment); *Meehan v. Snow,* 652 F.2d 274, 276–77 (2d Cir.1981) (setting aside entry of default judgment and observing that the same factors apply to motion to oppose default judgment); *see also United States Fidelity & Guaranty Co. v. Petroleo Brasileiro S.A.,* 220 F.R.D. 404, 406–07 (S.D.N.Y. 2004) (denying motion for default judgment based on these factors); *Fashion Fragrance & Cosmetics v. Croddick,* No. 02 Civ. 6294(WK), 2003 WL 1824638, at *1–3, 2003 U.S. Dist. LEXIS 5641, at *4–7 (S.D.N.Y. Apr. 8, 2003) (same). Is it, however, "well established that default judgments are disfavored," and that these factors should be evaluated in light of the strong preference for resolving disputes on the merits. *Pecarsky,* 249 F.3d at 174; *see also Enron Oil,* 10 F.3d at 95–96. "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil,* 10 F.3d at 96.

■ In this case, O'Callaghan's initial Complaint was dismissed by the Court, and the Court directed the Clerk of the Court to close the file. Defendants argue that, because of that dismissal, the filing of the Amended Complaint must be viewed as having commenced a new action, and that O'Callaghan was therefore required to serve his new pleading under Rule 4 of the Federal Rules of Civil Procedure, which governs service of process. (*See* Sifre Aff., ¶ 11; Iñiguez Aff., ¶ 20.) Yet the Court granted O'Callaghan leave to file an amended pleading, and reopened the case when it accepted the Amended Complaint for filing. Thus, Defendants' arguments miss the mark. Where a federal court grants a plaintiff leave to file an amended pleading in a prior-commenced case, the plaintiff does not need to serve that amended pleading pursuant to the requirements of Rule 4, unless the amended pleading includes "new or additional claims for relief." Fed.R.Civ.P. 5(a); 1 James Wm. Moore et al., Moore's Federal Practice

§ 5.02[1][a] (3d ed. 2006) ("Amended complaints which contain no new or additional claims for relief against a party who has previously appeared need not be served pursuant to Rule 4; service under Rule 5 is sufficient."); *see also, e.g., National Development Co. v. Triad Holding Corp.*, 131 F.R.D. 408, 413 (S.D.N.Y.1990) (where "Supplemental Complaint" included the assertion of a new claim, plaintiff was required by Rule 5(a) to serve it in the same manner as a summons, under Rule 4).

■ It is evident here that, far from adding any new claims, O'Callaghan's Amended Complaint merely strips down the allegations contained in his original Complaint, so as to narrow and streamline that pleading. The enumerated "claims" in the two pleadings are actually identical. (*Compare* Complaint (Dkt. 1) *with* Amended Complaint (Dkt. 15).) Thus, it would have been appropriate for O'Callaghan to serve his Amended Complaint pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, which permits service on a *pro se* party by mail to "the last known address of the person served." Fed.R.Civ.P. 5(b)(2)(B). According to O'Callaghan, he served the Amended Complaint upon Defendants by mailing it to them at the address of 305 Broadway, Suite 200, New York, New York 10007. The Court assumes that this was a proper address for service, as it is the address that both Defendants have themselves provided to the Court, in their own papers.[5]

Nonetheless, questions remain as to the adequacy of service in this case, and as to O'Callaghan's proof of such service. As a threshold matter, the Court notes that O'Callaghan has moved for a default judgment without first taking the required step of obtaining an entry of default from the Clerk of the Court, which can only be obtained upon the submission of a satisfactory affidavit of service. *See* Fed.R.Civ.P. 55(a); Local Civ. R. 55.1, 55.2(b). Moreover, as noted above, the "proof of service" that O'Callaghan filed at the time he filed the Amended Complaint

says nothing regarding how service was made. If, as Defendants suggest, O'Callaghan tried to serve the Amended Complaint upon them by mailing it to a law firm that is not a party to this action and is not Defendants' counsel (*see* Sifre Aff., ¶ 7; Iñiguez Aff., ¶ 16), then such service would have been improper under the governing rules.

■ Further, although O'Callaghan insists that he addressed his mailing to Defendants and not to their firm, he appears to concede that, each time he tried to serve Defendants, he mailed only a single copy of the Amended Complaint in one envelope intended for both of them. (*See* Pl. Reply Aff., at ¶ 7 ("Plaintiff served both of the Defendants on February 1, 2006, in an envelope which identified both Defendants . . . ."), *id.* ¶ 9 (stating, with regard to Plaintiff's second attempt at service, that "the 'envelope' produced contains identification solely of *both Defendants* ") (emphasis in original); *see also* Pl. Aff., Ex. A (including copy of certified mail receipt that shows both Defendants' names on a single receipt).) Under Rule 5(a), all papers must be served "upon each of the parties." Nowhere do the Rules permit two separate parties to be served with a single copy of a pleading, absent their consent. If, as it appears, this is what O'Callaghan did, then service on the Defendants was improper, and a default judgment should not be granted.

■ In any event, even if O'Callaghan properly served the Amended Complaint on both Defendants, and even if his failure to obtain an entry of default prior to moving for a default judgment were excused, the entry of a default judgment would still not be warranted, as the factors that the Court should consider on a Rule 55(b) motion (*see supra* at 72–73) weigh against granting such a motion in this case. At a minimum, there is a dispute here as to the propriety of service, and even as to whether defendant Iñiguez ever received a copy of the Amended Complaint at all. In the face of such a dispute, "it is clear that under the case law

5. Rule 5(b)(2)(B) does not specify whether the "last known address" referred to in this provision must be a residential address, or may be a business address. In the absence of limiting

language, the Court concludes that it may be either, and further accepts that, in this case, Defendants may be served at their places of business, as specified by them.

all doubts must be resolved in favor of trial on the merits." *Enron Oil*, 10 F.3d at 98. In addition, the Court has no reason to conclude that Defendants' failure to answer the Amended Complaint resulted from "wilfullness" or "bad faith." *Fashion Fragrance*, 2003 WL 1824638, at *2, 2003 U.S. Dist. LEXIS 5641, at *5–6. On this point, it is telling that both Defendants made timely motions to dismiss the original Complaint, that defendant Sifre promptly advised O'Callaghan in writing of the purported defects in service of the Amended Complaint, and that both Defendants have written several letters to the Court since the commencement of this case. These are not the actions of parties who are simply trying to avoid defending claims asserted against them. Finally, Plaintiff has made no effort to show that he would suffer undue prejudice if his motion were denied. *See Pecarsky*, 249 F.3d at 174. Under the circumstances, O'Callaghan's motion should be denied regardless of the propriety of service. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n. 11 (2d Cir.1995) ("The decision of the District Court to avoid ruling upon the propriety of the service was wise, since the sound exercise of its discretion led it to conclude, correctly, that a default judgment was not justified in any event.").

For all of these reasons, and in recognition of the strong policy favoring resolution of cases on the merits, I recommend that (1) O'Callaghan's motion "for default and default judgment" against each of the defendants be denied, and (2) that plaintiff be directed to serve a copy of the Amended Complaint upon *each* of the Defendants individually, either by mail to the addresses listed below or by other means permitted under Fed.R.Civ.P. 5, within 20 days of the date of the Court's order.

## II. *RULE 11*

Defendants have cross-moved against O'Callaghan for sanctions under Rule 11 of the Federal Rules of Civil Procedure, arguing that sanctions are appropriate because O'Callaghan's motion for a default judgment is "frivolous."

▇ Rule 11 provides, *inter alia*, that, by submitting a signed pleading, motion or other paper to the Court, a party or attorney "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support." Fed.R.Civ.P. 11(b)(3). Generally, where the Court finds that a party, without reasonable inquiry, has made an unsupported factual contention in a pleading or other court submission, the Court may impose sanctions under the Rule. *See* Fed.R.Civ.P. 11(c).

▇ A motion for sanctions under Rule 11, however, must "be made separately from other motions or requests" and must "describe the specific conduct alleged to violate subdivision (b)" of the Rule. Fed.R.Civ.P. 11(c)(1)(A). In addition, Rule 11 contains a "safe harbor" provision, affording protection to a party that voluntarily withdraws its challenged statement after receiving notice of the specific grounds for a potential sanction. Specifically, the Rule provides that a sanctions motion under the Rule must be served "but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." *Id.* A movant is required to follow this procedure, and a Rule 11 motion that is not made in compliance with this procedural aspect of the Rule is subject to denial on this basis alone. *See Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir.2003); *ESI, Inc. v. Coastal Corp.*, 61 F.Supp.2d 35, 67–68 (S.D.N.Y.1999) (holding that a motion for sanctions under Rule 11 must be denied where the movant fails to comply with the mandatory "safe harbor" provision of the Rule).

▇ In this case, neither Sifre nor Iñiguez has demonstrated that he served his Rule 11 motion prior to filing it, and thus neither has shown compliance with the Rule's procedural requirements. Accordingly, deni-

al of the cross-motions should be granted on this basis.[6]

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's motion under Fed.R.Civ.P. 55, for entry of default and for default judgments against each of the Defendants, be denied. I further recommend that Plaintiff be directed to serve his Amended Complaint, within 20 days, in accordance with the applicable rules for service, and to file proof of such service with the Court, setting forth the specific method of service employed. Finally, I recommend that Defendants' cross-motions for sanctions under Rule 11 also be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, United States Courthouse, 500 Pearl Street, Room 660, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Marrero. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988);

*McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

Dated March 14, 2007.

---

**6.** In addition, the Court notes that the argument on which both Defendants rely in support of their cross-motions for sanctions—that the filing of the Amended Complaint commenced a new action, and thus O'Callaghan should have been required to serve them with new process pursuant to Rule 4—is incorrect, as set forth above. If the sole impropriety in Plaintiff's attempted service was that he mailed one copy of the Amended Complaint to Defendants instead of two, then it would be difficult to conclude that his default motion was "frivolous," and sanctions would not, in any event, be warranted.